By the Court. Oakley, Ch. J.
The third section of the act incorporating this company, (Laws of 1843, ch. 94,) made it the duty of the commissioners named in the act, to open a book to receive applications for insurances; and, after receiving such applications, to be approved by them, amounting to five hundred thousand dollars, the premium on which should have been actually paid in, or secured to be paid, they might close the book, and the company might be organized. They were then to superintend the first election of not less than twenty-four trustees of the company.
It is contended by the defendant that the company never became organized, because this third section of the statute was not complied with; and that this was a condition precedent, without which the company could have no legal existence, and, therefore, it could not receive a note, or transfer it when received. It is said, the applications for insurance should have contained all that the insured furnishes for making a policy: that is, it should have set forth all the particulars of the risk intended to be insured against.
As to this point, the application for insurance is a very different thing from the contract of insurance to which it leads. It is a mere proposition, and only needs to state the objects on which insurance is sought, wfithout specifying the particulars. With the applications, the parties gave their notes for a corresponding amount of premiums. They then had a right to demand regular policies of insurance for risks within their applications, and *179 the company was bound to issue them. The propositions of this kind exceeded the sum limited in the charter, on all of which approved notes were given to secure the premiums. We think the organization of the company was complete in every respect.
If we had doubted this, we should probably have held, that the company, having claimed to be organized, and having acted as a corporation, the question of its corporate existence is to be tested by the government, and not by individuals who have dealt with it as a valid corporation.
As to the objection made upon the form of the transfer of the note, the president of the company was, no doubt, the proper officer to indorse it and convert it into money. We so held virtually, last year, in the case of Aspinwall v. Meyer, on a note indorsed by the same president in behalf of this company.
There is nothing in the case to show that the plaintiff was not a bond fide purchaser without notice, within the meaning of the section of the revised statutes, prohibiting certain transfers of securities by corporations, without a previous resolution of their boards or directors. (1 R. S. 591, § 8.) The burden of proving such notice is on the party alleging it.(a) It is unnecessary, therefore, to consider the point made upon that provision.
Judgment for the plaintiff.

 See Palmer v. Yates, ante, page 137.