## R. J. Wilson et al., Copartners as Wilson & Tener, Plffs. in Err., *v.* Second National Bank of Pittsburgh.

In an action of assumpsit by a bank, as assignee, against the makers of a promissory note, where the answer is a want of consideration, the knowledge of the treasurer of the payee of the note cannot be imputed to the bank of which he was cashier, unless he revealed that knowledge to some one or more of its officers.

(Argued October 28, 1886.   Decided November 15, 1886.)

October Term, 1886, No. 94, W. D., before GORDON, TRUN-

Cited in Gunster v. Scranton Illuminating, H. & P. Co. 181 Pa. 327, 338, 59 Am. St. Rep. 650, 37 Atl. 550.

NOTE.—Knowledge of an attorney who transfers the note to a client does not affect the latter with notice (Lovell v. Renwel, 13 Pa. Co. Ct. 608) ; or that the holder was an officer of the corporation which was payee (Dwight v. Hering, 18 W. N. C. 38). But notice of the president of the bank affects the bank. Millward-Cliff Cracker Co.'s Estate, 161 Pa. 157, 28 Atl. 1072. So an unincorporated firm is chargeable with knowledge of one of its members. McClurkan v. Byers, 74 Pa. 405; Stockdale v. Keyes Bros. 79 Pa. 251. And a bank was held bound by a notice to the cashier that a certain draft would not be paid, when it was subsequently discounted. Boggs v. Lancaster Bank, 7 Watts & S. 331. See the discussion in Gunster v. Scranton Illuminating, H. & P. Co. 181 Pa. 327, 59 Am. St. Rep. 650, 37 Atl. 550; United Security L. Ins. & T. Co. v. Central Nat. Bank, 185 Pa. 586, 40 Atl. 97.

KEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas, No. 2, of Allegheny County to review a judgment on a verdict for plaintiff in an action of assumpsit on a promissory note. Affirmed.

This action was brought by the Second National Bank of Pittsburgh against R. J. Wilson and George E. Tener, copartners as Wilson & Tener, for the amount of the following promissory note:

Pittsburgh, November 6, 1884.

$1,200.

Ninety days after date we promise to pay to the order of Gillespie Tool Co., twelve hundred dollars, at 51 and 52 Water street, without defalcation. Value received.

Wilson & Tener.

Indorsed:

> Gillespie Tool Co.,
> > Per J. H. Willock, Treasurer.

The affidavit of claim was sworn to by James H. Willock, who was cashier of the bank and treasurer of the payee, named in such note.

Defendant, for a defense, alleged that the note was without consideration and void and was taken by the plaintiff with such knowledge under the following state of facts: that the Gillespie Tool Company agreed to drill or bore for the defendants a gas well upon their leasehold under certain guaranties; that some time prior to the date of the note sued on the defendants gave the Gillespie Tool Company a note for $1,200 while they were progressing with the work, as an advancement upon the sum that they were to pay them upon the completion of the job, and that said work not being completed at the time of the maturity of the note, the note in suit was given in renewal thereof; that said Gillespie Tool Company has never completed its work, and that the note is therefore without consideration and void; that the plaintiff was not a bona fide holder of the note and did not take it in the regular course of business, but took the same with full knowledge of the facts under which it was given.

In the court below it appeared that James H. Willock was at the time of all the transactions in question the cashier of the

bank and was also one of the board of managers and treasurer of the Gillespie Tool Company. He brought the suit and made the affidavit of claim as cashier and agent of the bank and also, in his own handwriting, as treasurer of the Gillespie Tool Company indorsed the note in suit over to the bank of which he was cashier.

The plaintiff admitted that the tool company had not sunk the first well commenced by it but alleged that some time after the abandonment of that well it commenced and bored another near the first well to the required depth. The defendants contended that the sinking of the second well was not in compliance with their contract, and shortly after the commencement of the work on the same notified the tool company to desist, and that they would not pay for the same.

The court held that the fact that James H. Willock was treasurer of the Gillespie Tool Company was not sufficient to charge him with knowledge that his company had not performed its contract with the defendants. Defendants, *inter alia,* assigned this action of the court as error.

*Barton & Sons* for plaintiffs in error.

*D. T. Watson, S. W. Cunningham* and *T. D. Chantler* for defendant in error.

Per Curiam:

There is one material point in this case which, without more, is sufficient to determine it in favor of the plaintiff. Admitting that, as between the original parties, the consideration of the note in controversy had failed because of the breach, by the tool company, of its contract with the defendants, yet as the bank is a bona fide holder for a valuable consideration, and without notice of the status of affairs between these parties at the time of the discount of the paper, clearly it cannot be affected thereby. The knowledge of Willock, as treasurer of the tool company, cannot be imputed to the bank of which he was cashier, unless he revealed that knowledge to some one or more of its officers; but of this there is no evidence.

The judgment is affirmed.