## AMERICAN EXCHANGE NAT. BANK v. OREGON POTTERY CO.

### (Circuit Court. D. Oregon. June 10, 1892.)

### No. 1,930.

1. NEGOTIABLE INSTRUMENTS—FRAUD—BONA FIDE PURCHASER—BURDEN OF PROOF.

Where a promissory note has its inception in fraud, the burden of proof is cast upon a subsequent indorsee to show that he is a bona fide holder for value.

2. SAME—CORPORATION—AUTHORITY OF OFFICERS.

The president and secretary of a corporation are presumed to have authority to execute a promissory note in the name of the corporation, and the holder of such note will not be affected by the fact that such authority did not exist unless he is shown to have had notice thereof.

At Law. Action by the American Exchange National Bank of New York against the Oregon Pottery Company on a promissory note. Heard on demurrer to the answer. Overruled in part and sustained in part.

Milton W. Smith, for plaintiff.
Albert H. Tanner, for defendant.

GILBERT, Circuit Judge. This action is brought to recover upon a promissory note made by the defendant, by its president and secretary, to the order of one C. C. Gilman, and by him indorsed to the plaintiff before maturity. The answer sets up two defenses, each of which is demurred to: First, that the note was procured by fraud, and was without consideration; second, that the president and secretary of the defendant had no authority from the defendant, either by by-law or resolution, to execute the note, and that the defendant received no benefit therefrom, and did not ratify the same.

It is admitted that the first defense contains allegations of fraud sufficient to defeat the note as between the original parties to the same, but it is contended that the demurrer should be sustained for the reason that the answer contains no averment that the plaintiff had notice of the fraud or acquired the note otherwise than as a bona fide indorsee for value. The doctrine seems well established that where a promissory note had its inception in fraud or duress, or is fraudulently put in circulation, an exception arises to the general rule, and the burden of proof falls upon a subsequent indorsee to show that he took the note before maturity, and for value, and without notice. Kellogg v. Curtis, 69 Me. 212; Smith v. Livingston, 111 Mass. 342; Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. Rep. 801; Stewart v. Lansing, 104 U. S. 505. The reason generally assigned for this exception to the rule is that a presumption exists that a fraudulent payee will place the note out of his hands, to have suit brought in the name of another, and such presumption operates against the holder. The demurrer to the first defense is overruled.

The demurrer to the second defense, however, is well taken. The payee or indorsee of a negotiable promissory note, signed by the officers of a corporation as the note of the corporation, is not required to ascertain whether the officers have authority to make the note. A corporation formed under the general incorporation laws, for the purpose of conducting business, has, so far as the law is concerned, the same power that an individual has to contract debts whenever necessary or convenient in furtherance of its legitimate objects. It may borrow money to pay its debts. It may execute notes, bonds, and bills of exchange. The power to sign such paper may be conferred upon any officer. If the president and secretary sign, their authority is inferred from their official relation. All persons dealing with them have the right to assume that there is no restriction of that authority. They also have the right to assume, unless they have actual notice to the contrary, that a note so signed is made in the regular course of the business of the corporation. To hold otherwise would destroy the negotiability of all notes made by corporations. Merchants' Bank v. State Bank, 10 Wall. 644; Crowley v. Mining Co., 55 Cal. 273; 1 Daniel, Neg. Inst. § 381. In the absence of an allegation that the president and secretary of this corporation were deprived of power to make this promissory note, and that that fact was known to the payee of the note and the plaintiff before they became holders of the paper, the demurrer to this defense must be sustained.