Fort Pitt Real Estate Company *v.* Schaefer et ux., Appellants.

498

Argued April 24, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William B. Paul,* for appellants.—One who gives a certificate of no defense to mortgagor concurrent with the execution and delivery of the bond and mortgage is not estopped to set up a defense to the bond and mortgage against an assignee thereof where the defense arises after the date of the mortgage and prior to the assignment and the assignee in taking the assignment relied upon the old certificate procured by the assignor: Ritter v. Thomasky, 70 Pa. Superior Ct.

615; Volk v. Shoemaker, 229 Pa. 407; Morgan's Appeal, 126 Pa. 500; Robertson v. Hay, 91 Pa. 242; Duquesne Bank's Appeal, 74 Pa. 426; Hutchinson v. Gill, 91 Pa. 253.

In taking an assignment of a bond and mortgage a corporation can rely upon one of its officers, who likewise is an officer of the assignor corporation, for information about the value of the property, the validity of the title and in fact, all matters bearing on the validity of the loan and can be charged with notice that the common officer knew at the time of the assignment that the obligors had a valid defense: 14 Corpus Juris 429, 1 Morawetz on Private Corporations 540 C, 7 Ruling Case Law 657.

*Guy B. Hoge,* for appellee.—A certificate of no defense executed by a mortgagor estopps him from setting up an alleged equity existing between himself and the mortgagee as against an assignee who has purchased the bond and mortgage for a valuable consideration, without notice of the alleged equity and upon the faith of the certificate of no defense: Scott v. Sadler, 52 Pa. 211; Hayes' Appeal, 195 Pa. 177.

The knowledge which an individual derives while acting in behalf of one corporation of which he is an official cannot be imputed to another corporation by virtue of his also being an official of that corporation, when he has nothing to do with the business administration of the second corporation, and the interests of the two corporations in the transaction are adverse: Gunster v. Scranton, etc. Co., 181 Pa. 327; DeKay v. Hackensack Water Co., 38 N. J. Eq. 158; Wilson et al. v. Second National Bank of Pittsburgh, 7 Atl. Rep. 145; Dominion Trust Co. v. Hildner, 243 Pa. 253; Benton v. German-American National Bank, 122 Mo. 332; Hilliard v. Lyons, 180 Fed. 586.

OPINION BY GAWTHROP, J., July 2, 1929:

Defendants appeal from an order discharging a rule to show cause why a judgment by confession entered against them on their bond accompanying a mortgage should not be opened.

The following facts are undisputed: The Fort Pitt Real Estate Company, a corporation, entered into a contract with defendants to build a house on a lot owned by the latter for an agreed consideration. On July 15, 1927, when there was due and owing to the company under the contract a balance of $1,045, although the construction of the house had not been completed, it notified defendants that it would not finish the house unless they would give it a bond and mortgage to secure the unpaid balance of the contract price. Whereupon, on the same day, defendants, relying upon the representations of C. J. Schumaker, president of the company, that it would complete the house in accordance with the terms of the contract, executed and delivered to the company their bond and mortgage for $1,045, together with a certificate of no defense. The latter instrument, duly acknowledged, specifically referred to the bond and mortgage; was addressed "to all whom it may concern;" and certified that the sum of $1,045, with interest, etc., "is justly, fully and entirely owing and payable according to the terms and conditions thereof. And we hereby also further certify to any person or persons who may desire to purchase the same that we have no drawback, claims, set-off or other defense of any kind whatsoever to the payment of any part of said mortgage, either principal, interest or commissions, when due and payable or collectible by the terms and conditions therein recited." On August 12, 1927, the Fort Pitt Real Estate Company, acting by its president, C. J. Schumaker, sold and assigned the bond and mortgage,

for a valuable consideration, to the Guaranty Bond & Mortgage Company, the use plaintiff, which entered judgment on the bond on April 23, 1928, and issued execution. The Fort Pitt Real Estate Company did not complete the construction work, the cost of which was secured to it by the bond and mortgage. C. J. Schumaker was also vice-president of the Guaranty Bond & Mortgage Company at the time of this assignment. T. Edward Mittinger testified, on direct examination for the use plaintiff, that he (Mittinger) conducted all of the business of the latter company; that Schumaker informed him "that the Fort Pitt Real Estate Company had a number of mortgages to sell and wanted to know if the Guaranty Bond & Mortgage Company wouldn't be interested in buying some of them ...... Mr. Schumaker agreed to pick out a couple for us;" and that he bought this one without any knowledge of the equities existing between the Fort Pitt Real Estate Company and defendants at the time, and relied on the certificate of no defense. On cross-examination he testified that he never saw the property on which the mortgage was secured; that Mr. Schumaker passed on the property for the Guaranty Bond & Mortgage Company. "Q. Did someone examine this property as to title, as to whether or not this was a good loan? A. Relied on Mr. Schumaker. Q. He was an officer of your company? A. Yes sir. Q. And no other examination of the real estate itself was made? A. Not to my knowledge."

The court below held that the fact that the Fort Pitt Real Estate Company did not complete its construction work, for which the mortgage was given, is not an available defense against the assignee of the mortgage, the use plaintiff here, unless the latter had notice thereof when it acquired the mortgage; and that the certificate of no defense delivered by the mortgagors

to the mortgagee at the time of the execution of the mortgage and exhibited and delivered to the assignee when it took the assignment relieved the latter of the duty of making any inquiry of the mortgagors in order to protect itself against any existing equities or defenses existing between the original parties. It is undoubtedly well settled in this State that where a party executes a bond and mortgage and gives therewith a certificate of no defense and places these instruments in the hands of an agent for the purpose of raising money, he cannot defend against a purchaser of the mortgage for value *without notice,* on the ground that the agent misappropriated the money: Robertson v. Hay, 91 Pa. 242; Hayes' Appeal, 195 Pa. 177. It was decided in Hutchison v. Gill, 91 Pa. 253, 256, that a certificate of no defense delivered by a mortgagor to a mortgagee at the time that he executes a mortgage "is in effect an agreement that the mortgagee shall negotiate the mortgage. It is an acknowledgment that he has received full consideration. It is indeed most usual to execute such writings when no such consideration has been received, and the sole object of the mortgage is to raise money by the sale of it. It would be in the highest degree inequitable to allow the mortgagor to set up that there was fraud in obtaining the mortgage, or in a misappropriation by the mortgagee of the money raised by the sale." The main purpose of the execution and delivery of such a certificate is to dispense with personal inquiry by a purchaser of the mortgage as to whether there is any defense: Robertson v. Hay, supra. By such a certificate the mortgagor is estopped from setting up his defense against an assignee who takes on the faith of it; but to avail himself of such an estoppel upon the debtor, the assignee who sets it up must show that either he or some prior assignee from whom he claims,

was an assignee for value and without notice: Ashton's Appeal, 73 Pa. 153. We agree with the court below that these authorities dispose of the contention made by appellants that the assignee of the bond and mortgage, in order to protect itself against defenses and equities existing between the original parties, was bound to make inquiry of the mortgagors as to any existing equities or defenses, prior to taking the assignment.

The only question remaining is whether the evidence is sufficient to support a finding by a jury that at the time appellee took the assignment it had notice or knowledge that appellants had a defense to the mortgage. The answer depends upon the effect on appellee of the knowledge of its vice-president, Schumaker.

The contention of counsel for appellants is that the knowledge of Schumaker that the mortgagors would have a defense against the mortgagees in a suit on the mortgage if the latter did not complete the house carried with it notice or knowledge to appellee, because Schumaker represented appellee in the transaction of purchasing the bond and mortgage. After full consideration we have been unable to adopt this view. It was as president and executive head of the Fort Pitt Real Estate Company that Schumaker sold the bond and mortgage to appellee. It was in that capacity that he presented to Mittinger the certificate of title which had been furnished to the mortgagee by the Pittsburgh Title Company, and recommended the security to him. Mittinger's testimony that he relied on Schumaker as to the title of the mortgagors and "as to whether this was a good loan," would not support a finding by a jury that Schumaker was acting for appellee in the transaction.

The general rule is that "if a person is an officer of two companies and these companies enter into dealings

with each other, the knowledge of a common officer cannot be attributed to either company in a transaction in which he did not represent it: Morawetz on Private Corporations, Vol. 1, par. 540c. To the same effect see 14a C. J. 492, where it is stated: "If the common officer represents one of the corporations, his knowledge of the affairs of the other corporation may be imputed to the corporation which he represents in the transaction; but his knowledge will not be imputed to the corporation which he does not represent." See also 7 R. C. L. par. 659. This principle was recognized and followed by our Supreme Court in Dominion Trust Co. v. Hildner, 243 Pa. 253; Gunster v. Scranton, etc. Co., 181 Pa. 327; and Wilson et al. v. Second National Bank of Pittsburgh, 7 Atl. Rep. 145, 4 Sadler 68.

In Gunster v. Scranton, etc. Co., supra, Mr. Justice MITCHELL said that an exception to the general rule that notice to the agent is notice to the principal arises in case of such conduct by the agent as raises a clear presumption that he would not communicate the fact in controversy, as where the agent acts for himself in his own interest and adversely to that of the principal. In the same opinion reference is made to the authorities which hold that a bank officer who offers to his bank a note for discount is to be regarded in that transaction as a stranger and the bank is not chargeable with the officer's knowledge of fraud or want of consideration for the note. DeKay v. Hackensack Water Co., 38 N. J. Eq. 158, was cited with approval. In that case, which is closely analogous to the present, it was held that where the same person is an officer of two corporations and he transfers securities issued by one to the other, with knowledge that they are not valid, except in the hands of an innocent holder for

value, his knowledge is not to be attributed to the transferee.

We are constrained to hold that the knowledge of Schumaker as president of the mortgagee cannot be imputed to appellee, and that the evidence would not sustain a verdict for defendant in a trial. Therefore, we cannot say that the court below abused its discretion.

The judgment is affirmed.