## Robertson *versus* Hay to use of McCandless, &c.

1. R. executed to H. a bond and mortgage, and gave therewith a certificate of no defence. These instruments were all placed in the hands of G. for the purpose of raising money for R., as the latter should need it, and give an order therefor. Without any instructions from R., G. negotiated the mortgage. *Held*, that although G. sold the mortgage, and caused it to be transferred without an order from R., and failed to account for the money received therefor, these facts were insufficient to defeat a recovery by the assignee. The papers which R. placed in the hands of G., not only impliedly authorized a sale of the bond and mortgage, but invited purchasers by expressly declaring that he had "no defence of any kind whatever."

2. Where one of two innocent persons must suffer from the tortious act of a third, he who gave the wrongdoer the means of perpetrating the wrong must bear the consequences of the act.

3. An alteration of a deed, although material, if made by a stranger, will not affect the validity of the instrument.

4. An immaterial alteration of a deed, although made by a party thereto, will not avoid the same or make it inadmissible in evidence.

October 10th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 110.

Scire facias sur mortgage by A. B. Hay, to the use of James McCandless, against Stewart Robertson.

On June 18th 1873, defendant executed his bond and mortgage for $15,000 to A. B. Hay, who was the law partner of S. B. W. Gill. The mortgage was acknowledged June 24th 1873, and recorded June 28th 1873. The defendant also executed a "certificate of no defence," dated July 18th 1873, and acknowledged July 19th 1873.

[Robertson *v.* Hay.]

Robertson received no consideration at the time these instruments were executed, but they were all handed to Gill, who was to retain them, and raise money thereon for Robertson, in case he needed it, and in that event he was to notify Gill, who was then to negotiate the mortgage to procure the funds required. Without any notification from Robertson, Gill, on June 24th 1873, sold the mortgage to McCandless, and at the instance of Gill, Hay, his law partner, assigned it to the purchaser. McCandless, in the negotiations, treated with Gill alone, and afterwards received from Gill the instalments of interest on the mortgage, as they severally fell due. Whether or not Robertson received from Gill any of the consideration paid by McCandless for this assignment, was disputed. There was no testimony to show positively that Robertson did know anything about the transaction, other than the fact that in 1875 he procured a policy of insurance on the property mortgaged, which contained this recital: "Loss, if any, first payable to James McCandless, mortgagee." Subsequent to the assignment, Gill, who was the agent and attorney of McCandless, and retained the mortgage in his custody, inserted therein a clause waiving the right of exemption under the Act of February 25th 1873, Pamph. L. 161, which act was repealed by the Act of April 10th 1873, Pamph. L. 712. He also modified the "certificate of no defence" so as to make it appear as an extension by the mortgagor of the mortgage for one year. Gill absconded in 1877, and the interest remaining unpaid, McCandless brought this suit on the mortgage.

At the trial, before Bailey, J., the plaintiff offered in evidence the certificate of no defence.

Defendant objected, because it showed material interlineations, which were made while in possession of the plaintiff, without the authority of the defendant, and without his knowledge or consent; and that the paper was, therefore, void and incompetent and irrelevant.

The court overruled this objection, and admitted the paper, saying: "There is no such material alteration as would warrant you in disregarding this certificate of no defence." (8th assignment of error.)

In his fourth point, the defendant asked the court to charge:—

That the alteration in the mortgage in evidence (as shown by a comparison of that mortgage with the record offered in evidence) is a material alteration; and if the jury believe from the evidence that said alteration was made after the execution and acknowledgment of said mortgage, while it was in the custody of the plaintiff, or his agent or attorney, and without the knowledge or consent of the defendant, then the plaintiff cannot recover

The court, in their answer, inter alia, said:—

"There was no Act of Assembly in existence on June 18th 1873 to waive, so that the interlineation was wholly immaterial.

[Robertson *v.* Hay.]

There was nothing for the defendant to waive at that time. * * *
For this reason I refuse the point, and you will regard the question
which has been raised about the addition to or alteration of the
mortgage as not existing, so far as its effect upon. this case is con-
cerned." (5th assignment of error.)

In affirming the plaintiff's points, the court charged:—

"If you find that Stewart Robertson executed and acknowledged
this mortgage, together with the accompanying bond and certifi-
cate of no defence, and placed them in the hands of Gill, for
the purpose of negotiation at some time or other, and Gill, on
the 24th of June 1873, exhibited to Mr. McCandless the mortgage,
bond and certificate of no defence, in the condition McCandless
testifies they then were, and if, upon the faith of these papers,
McCandless then purchased the mortgage for the sum of $13,000,
and made payment to Gill, by his check, and that McCandless
acted in good faith—and that you must find from the evidence—
then the plaintiff is entitled to a verdict for the amount of his
claim with interest." (1st, 2d and 3d assignments of error.)

The verdict was for plaintiff for $17,382.75; and after judg-
ment, defendant took this writ, among his assignments of error
being those above noted.

*Hampton & Dalzell* and *A. N. Sutton,* for plaintiff in error.—
If a stranger, without the privity of the obligee, alters a deed by
interlineation, addition, erasing, or by drawing of a pen through a
line or word, or in any point not material, it will not avoid the
deed; but if the obligee himself alters the deed, by any of these
ways, though it is in words not material, or a stranger does it in a
point material, the deed is void: Pigot's Case, 11 Co. 27;
Moore *v.* Bickham, 4 Binn. 1; Marshall *v.* Gougler, 10 S. & R.
164; Adams *v.* Frye, 3 Metc. 103; Smith *v.* Weld, 2 Barr 54; Neff
*v.* Horner, 13 P. F. Smith 331; Morris *v.* Vanderen, 1 Dall. 67.

The assignee of a mortgage stands in no better position than the
mortgagee, because the security is not negotiable: Duquesne
Bank's Appeal, 24 P. F. Smith 426; McMullen *v.* Wenner, 16
S. & R. 20; Weaver *v.* McCorkle, 14 Id. 306.

A party about to purchase a security is bound, as a requisite to
holding it discharged of equities existing between the original par-
ties, to inquire of the obligor if he have any defence or set-off to it:
Eldred *v.* Hazlett's Adm'r, 9 Casey 315; Frantz *v.* Brown, 1 P. &
W. 257; McCandless *v.* Engle, 1 P. F. Smith 314; Michener *v.*
Cavender, 2 Wright 334. It was not sufficient to put reliance in
the certificate of no defence: Wilcox *v.* Howell, 44 N. Y. 398.

*M. W. Acheson* and *Miller & McBride,* for defendant in error.
—An immaterial alteration of an instrument will not avoid or
affect it: Burkholder *v.* Lapp's Ex'r, 7 Casey 322; Gardinier *v.*

[Robertson v. Hay.]

Sisk, 3 Barr 326; Miller v. Gilleland, 7 Harris 119; Miller v. Reed, 3 Casey 244.

The alteration of an instrument by a stranger, though material, does not avoid it, but leaves it as effectual in law as it was before: Whart. on Evid., sects. 627, 628; Withers v. Atkinson, 1 Watts 249; Fritz v. Commissioners, 5 Harris 131; Neff v. Horner, 13 P. F. Smith 327.

A mortgagor who gives a certificate of no defence is estopped from setting up a defence against the assignee: Ashton's Appeal, 23 P. F. Smith 153; McMullen v. Wenner, 16 S. & R. 18; Edgar v. Kline, 6 Barr 327; Weaver v. Lynch, 1 Casey 449; Scott v. Sadler, 2 P. F. Smith 211.

If Robertson's own version of the transaction be true, the case is simply that Gill sold the mortgage prematurely and in disregard of the private arrangement between him and Robertson. But how is McCandless, a bona fide purchaser for value, without knowledge of the secret arrangement, to be affected by the unfaithfulness of Robertson's own agent?

Where one of two innocent persons must suffer by the hand of a third, whichever has accredited him must bear the loss: Mundorff v. Wickersham, 13 P. F. Smith 87; Pennsylvania Railroad Co.'s Appeal, 5 Norris 80; Bank of Kentucky v. Schuylkill Bank, 1 Pars. Eq. 248. (See Hutchison v. Gill, post, p. 253.)

Mr. Justice MERCUR delivered the opinion of the court, October 27th 1879.

This is a case of scire facias on a mortgage. It is conceded that the plaintiff in error executed the mortgage described in the writ of scire facias. He also executed the bond recited in the mortgage. They both bear date the 18th of June 1873, and the mortgage was acknowledged on the 24th of the same month. On the 18th of July following he executed "a certificate of no defence." It distinctly referred to the bond and mortgage, stating where the latter was recorded, and declared that it, together with the bond accompanying the same, "is justly, fully and entirely owing and payable according to the terms and conditions thereof. And I hereby also further certify to any person or persons who may desire to purchase the same, that I have no drawback, claim, set-off, or other defence of any kind whatever, to the payment of any part of said mortgage, either principal, interest or commissions, when due and payable or collectible by the terms and conditions therein recited as aforesaid." On the day after its date he duly acknowledged this certificate. He placed these three written instruments in the hands of Mr. Gill, in anticipation of needing money and with the view of a subsequent negotiation of the mortgage. Hay, to whom the mortgage was executed and the bond payable, was the law partner of Gill.

The jury has found, and on evidence amply sufficient to justify the finding, that in July following, McCandless, the equitable defendant in error, purchased the mortgage of Gill in good faith and for a valuable consideration, and took an assignment thereof from Hay.

It matters not that Gill may have sold the mortgage and caused it to be transferred before he was authorized so to do, under the private instructions given him by the mortgagor; nor that he failed to account to the latter for the money received therefor. These facts are insufficient to defeat a recovery by the assignee. The papers which the mortgagor executed and placed in the hands of Gill, not only impliedly authorized a sale of the bond and mortgage; but invited purchasers by expressly declaring that he had "no defence of any kind whatever:" Ashton's Appeal, 23 P. F. Smith 153; Hutchison *v.* Gill, *post*, page 253. This written declaration fresh from the mortgagor having been shown to the assignee when he was about to purchase, it is idle to say he should have gone to the mortgagor personally and inquired if there was any defence. This certificate was addressed "to all whom it may concern." It could not have been more effective and conclusive notice to one about to purchase, that the mortgagor had no defence, if it had been addressed to the purchaser by name. The main purpose of the execution and delivery of such a certificate is to dispense with personal inquiry. At the same time it gives certainty to the declaration and perpetuates the evidence thereof. It is a well-settled rule that where one of two innocent persons must suffer from the tortious act of a third, he who gave the wrongdoer the means of perpetrating the wrong must bear the consequences of the act. By placing the papers in the hands of his agent and attorney, the mortgagor gave him the means of making sale of the mortgage and of obtaining the money of the assignee. The fraud which Gill may thereby have practiced on the mortgagor, cannot operate to the prejudice of the innocent and good faith purchaser.

It was further contended that the alterations made in the mortgage, and in the certificate after their execution, were sufficient to avoid the instruments. In determining the legal effect of the alteration it is important to consider by whom the alteration was made, and the materiality of the alteration.

1. The assignee was no party to the alterations. He was in no manner privy to their making. They were made by Gill. He was either the agent of the mortgagor, intrusted by him with the papers, and authorized to sell the mortgage, so that the act of the agent became the act of his principal, or he was not such agent, and not intrusted, and not authorized to act for the mortgagor, in which case the alteration was the act of a stranger. Then, although material, the alteration will not affect the validity of the instru

[Robertson v. Hay.]

ment: Greenl. Ev., sects. 566, 568; Lewis v. Payn, 8 Cowen 71; Jackson v. Malin, 15 Johns. 297; Withers v. Atkinson, 1 Watts 236; Neff v. Horner, 13 P. F. Smith 327.

2. The alteration in the mortgage was by adding a clause waiving the benefit of a specific Act of Assembly, which, in fact, had been repealed prior to the execution of the mortgage. As then the act mentioned had no validity whereby the mortgage could be affected, an attempt to waive its provisions had no effect. It was simply an immaterial act which in no manner prejudiced the mortgagor. As, therefore, the legal effect of the mortgage remained the same, the alteration did not avoid it: Hunt v. Adams, 6 Mass. 519; Nevins v. DeGrand, 15 Id. 436; Gardinier v. Sisk, 3 Barr 326; Miller v. Gilleland, 7 Harris 119; Miller v. Reed, 3 Casey 244; Burkholder v. Lapp's Executor, 7 Id. 322.

The substance of the alteration in the certificate is a recital that the mortgage was renewed and extended another year. It was the declaration of a fact intended for the benefit of the mortgagor. It was made by Gill long after the purchase by the assignee. It did not destroy the title which the latter had previously acquired.

It may be further observed, that after this alteration appears to have been made, the mortgagor obtained policies of insurance on the building covered by the mortgage, in which was inserted the clause, "loss, if any, first payable to James McCandless, mortgagee." The plaintiff in error thereby clearly evinced knowledge, and implied ratification, of the assignment. It is unnecessary to consider all the assignments separately. We discover no error in the answers and charge of the learned judge.

Judgment affirmed.