# Wetzel *v.* Linnard.

*Mortgage—Cancelation of mortgage—Settlement of criminal prosecution —Certificate of no defense—Equity.*

A bond and mortgage given by a woman without any fraud or deception being practiced upon her, and in settlement of a criminal prosecution against a relative, will not be set aside by a court of equity where it appears that the mortgagee subsequently assigned the bond and mortgage for value to another person who had no notice or knowledge of the illegality of the original consideration for the mortgage, and that acting as agent of such person the mortgagee received a declaration of no defense or set-off from the mortgagor, who continued to pay interest and receive receipts therefor, stating that the title to the security was in the person to whom it had been assigned.

*Principal and agent—Knowledge of agent—Notice.*

A principal is only affected by the knowledge of his agent acquired in the course of the business in which the agent is employed.

Argued Oct. 10, 1900. Appeal, No. 96, Oct. T., 1900, by defendant, from· decree of C. P. No. 1, Phila. Co., March T., 1894, No. 594, on bill in equity, in case of George C. Wetzel, executor of Theresa Loeffler, v. Eugene T. Linnard and Joseph H. Linnard. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Bill in equity to cancel and set aside a bond and mortgage.

The case was referred by agreement of the parties to Charles E. Morgan, Jr., Esq., as referee, who found the facts to be as follows :

1. Upon the proofs before me, I find that the transactions set out in the bill, answer and proofs were free from any fraudulent misrepresentation on the part either of the respondents or their counsel, Mr. Bucher. Exclusive of Mr. Bucher's own testimony, the evidence of the various witnesses called and examined by the respondent, together with that elicited from plaintiff's own witnesses upon cross-examination, demonstrates that there was no fraudulent conduct, misrepresentation or deception upon the part of the respondents or any one representing them with relation to the execution and delivery by the plaintiff of the bond and mortgage and declaration of no set-off mentioned in the bill, and that Mr. Bucher acted not merely honestly and fairly towards the plaintiff, but with great caution and care throughout the business transacted by him with her on behalf of his clients.

2. That the plaintiff, Mrs. Loeffler, neither at the time she gave the bond and mortgage referred to nor at any time prior thereto, was indebted to defendants, or any of them, and that the sole consideration for her execution and delivery of the same to them was the withdrawal and termination of the pending prosecution by the commonwealth, instituted at their instance, of Theodore Loeffler, for the embezzlement of moneys collected by him from persons owing the same to them, his employers, Linnard & Gibbs, and the fraudulent conversion of the said funds to his own use. Until the spring of 1892, Theodore Loeffler had been, for some time, in· the employment of Linnard & Gibbs, and had collected a considerable sum of money, amounting, as stated by Mr. Linnard in his testimony, to a sum exceeding $1,200, which he converted to his own use, in conse-

quence of which a criminal prosecution was commenced against him. He was arrested, and, upon hearing before a magistrate, was bound over, and entered bail for his appearance at court on July 25, 1892, the plaintiff, Mrs. Loeffler, becoming his security. The arrest took place almost immediately after the discovery of Loeffler's embezzlement, in the spring of 1892. Negotiations were entered into between Mrs. Loeffler, the complainant, and the respondents, the results of which were various continuances of the criminal proceedings, and finally the bond and mortgage referred to which were given December 6, 1892, by Mrs. Loeffler. At the hearing before the grand jury, upon the indictment, Eugene T. Linnard appeared and stated that "there had been an embezzlement of upwards of $1,200 by Loeffler, and that the case had been settled by his aunt; that the firm that had a case against him had dissolved, and that he, Linnard, had no further interest in it." Upon that statement the case was dismissed.

In answer to the question as to what the witness meant by his statement that the case had been settled, he replied as follows : "The case had been settled by giving a mortgage by Mrs. Loeffler, the aunt of the party who made the embezzlement, for $1,000," and that the mortgage described in the bill was the mortgage to which he referred.

Mr. Bucher, who was private counsel for the defendants, testified that during the interviews between him, as representing the respondents and the complainant, "nothing was said except what would tend towards a settlement of the criminal case. They were very anxious, Mr. Loeffler in the beginning, and his wife and aunt afterwards, were extremely anxious to keep him or keep the charge from becoming public;" that postponements of the hearings were made from time to time at her request with a view to a settlement, and this was finally consummated by the execution and delivery of said bond and mortgage dated December 6, 1892.

3. That said Eugene T. Linnard, shortly after the termination of the copartnership of Linnard & Gibbs, in January, 1893, by assignment dated January 18, 1893, assigned and transferred the bond and mortgage to Joseph H. Linnard, respondent, and obtained for him therewith a declaration of no set-off made by the complainant, Mrs. Loeffler (he, Eugene T. Linnard, hav-

ing, at that time, moneys in his possession for investment belonging to Joseph H. Linnard), and thereafter the said Eugene T. Linnard collected from the complainant two instalments of interest thereon, giving his receipt therefor as trustee for Joseph H. Linnard. As a matter of fact, the bond and mortgage were never delivered to Joseph H. Linnard in person, but were held for him by Eugene T. Linnard, in whose possession the same were at the time of the institution of this suit, nor was he informed of the fact of the assignment until some time after it was made.

The referee reported in favor of a decree declaring the bond and mortgage null and void.

Exceptions to the referee's report were dismissed by the court, and the following decree was entered:

7. The learned master or referee erred in recommending that a decree be entered as follows: And now, this     , day of     , it is ordered that the bond and mortgage in the bill of complaint particularly described are null and void; that an injunction be issued perpetually restraining the defendants and each of them from disposing of or parting with possession of the same, and from instituting any proceedings at law or in equity for the collection thereof; and that the said bond and mortgage be surrendered by defendants to plaintiff and canceled of record, the testimony establishing no right to such decree."

*Error assigned* among others was the decree of the court.

*John G. Johnson,* with him *W. H. G. Gould* and *Francis E. Bucher,* for appellant.—An illegal consideration or the failure of a lawful one may constitute a defense to a mortgage, but it lies on the mortgagor who alleges either to establish it by competent evidence: Portner v. Kirschner, 169 Pa. 472; Swope v. Jefferson Fire Ins. Co., 93 Pa. 251; Saalfield v. Manrow, 165 Pa. 114.

The principal is only to be affected by knowledge of the agent acquired in the course of the business in which the agent was employed: Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285.

Where a mortgagor gives a certificate of no defense he is estopped from setting up the invalidity of the mortgage as

against an assignee for value without notice: Hedden's App., 17 Atl. Repr. 29; Vanhorne v. Frick, 6 S. & R. 90; McMullen v. Wenner, 16 S. & R. 18; Weaver v. Lynch, 25 Pa. 451; Hutchison v. Gill, 91 Pa. 253; Griffiths v. Sears, 112 Pa. 523; Hayes's App., 195 Pa. 177.

*Thomas A. Fahy*, for appellee.—A mortgage executed in consideration of an agreement. to compound a felony is void, and will not be enforced: Swope v. Jefferson Fire Ins. Co., 93 Pa. 251; Portner v. Kirschner, 169 Pa. 472; Pearce v. Wilson, 111 Pa. 14; Riddle v. Hall, 99 Pa. 116.

If the conveyance was void ab initio as against public policy, no subsequent assignment of it could render it valid: Swope v. Jefferson Fire Ins. Co., 93 Pa. 251; Pearce v. Wilson, 111 Pa. 14.

OPINION BY W. D. PORTER, J., January 22, 1901:

The plaintiff's bill alleged that she had been induced to execute a mortgage through fraud, misrepresentation and deception, and prayed for a decree that the mortgage be delivered up and canceled. It is established by the findings of fact by the referee, approved by the court below " that there was no fraudulent conduct, misrepresentation or deception on the part of the respondents, or any one representing them, with relation to the execution and delivery by the plaintiff of the bond and mortgage and declaration of no set-off mentioned in the bill." This was a specific finding against the plaintiff upon the only allegation of fact contained in her bill, which would have entitled her to equitable relief.

The learned referee, however, found as a fact, that the bond and mortgage were given in settlement of a criminal prosecution against one Theodore Loeffler, in which he was charged with the embezzlement of moneys received by him for his employers, Linnard & Gibbs. The bill contained no allegation of the invalidity of the securities upon this ground of illegality of consideration. There is nothing in the findings of fact by the referee, nor have we been able to discover any evidence which would warrant the suggestion that the parties to the alleged illegal agreement were other than Theresa Loeffler, upon the one side, and Linnard & Gibbs and their attorney,

upon the other. It is conclusively established by the findings of fact and the testimony, that if there was an agreement to compound a felony, the plaintiff in this proceeding was a party to that agreement. Had she, in her bill, alleged this illegal agreement as the ground upon which she was entitled to equi-. table relief, the bill must have been held bad upon demurrer. She would have been alleging her own illegal act as the foundation of her claim for relief, and the court must have refused her its aid: Nester v. Continental Brewing Company, 161 Pa. 473. The plaintiff, having elected to invoke the equitable jurisdiction of the court to strike down the mortgage, became the aggressor, and the burden was upon her to establish a case free from the taint of illegality. Having failed to establish the facts alleged in her bill, she is not entitled to consideration at the hands of a court of equity, upon the ground that she joined with others in violating the law. In such a case, parties must be left to determine their rights upon the law side of the court.

The learned referee found that the mortgage was assigned by Linnard & Gibbs to Joseph H. Linnard, who was not a member of the firm, and, at the time of said assignment, January 18, 1893, Eugene T. Linnard, as agent for Joseph H. Linnard, obtained for him a declaration of no defense or set-off, made by the mortgagor, Theresa Loeffler. He further found that Joseph H. Linnard had no notice or knowledge of the failure or illegality of the original consideration for the mortgage. It is true that Eugene T. Linnard, who acted as agent for Joseph H. Linnard, in the purchase of this mortgage, was the same person, who, according to the finding of the referee, had been a party to the original illegal agreement. The referee does not find, however, that, in the course of the business of the agency, any information was received by the agent which would affect his principal with constructive notice of the original illegal consideration. In negotiations of this character, the principal is only affected by the knowledge of the agent gained in the transaction in which he was employed: Houseman v. Girard Mutual Building & Loan Association, 81 Pa. 262; Langenheim v. Anschutz-Bradberry Company, 2 Pa. Superior Ct. 285. It is true, the bond and mortgage remained in the possession of Eugene T. Linnard, but he retained the papers merely as the agent of his brother who was a constructor in the United States

Navy, and traveled from place to place. The plaintiff was aware of this fact, for she accepted receipts for the interest upon the mortgage, in which it was expressly stated that the title to the security was in Joseph H. Linnard. The referee finds, as a fact, that Eugene T. Linnard had, at the time of his assignment, moneys in his possession for investment belonging to Joseph H. Linnard. The evidence would certainly have warranted a finding that Joseph H. Linnard had authorized the purchase of the security by his agent, and had received at the time of the transfer, a formal deed of assignment thereof; upon this point, however, the findings of the referee are silent. If Joseph H. Linnard authorized his agent to purchase this security, or to invest his money in the same, and the agent proceeded to execute this authority, and in doing so, demanded and received from the plaintiff a certificate of no defense for the protection of his principal, and, as agent, upon the faith of that certificate, closed the transaction, the plaintiff cannot now be heard to deny the validity of the mortgage to the prejudice of the innocent assignee. The mortgage being regular upon its face, and the plaintiff having solemnly declared that she had no defense thereto,—if upon the faith of that declaration, the money of the assignee was invested in the security, the investment is protected by the declaration of no set-off: Weaver v. Lynch, 25 Pa. 451; Hutchinson v. Gill, 91 Pa. 253; Griffiths v. Sears, 112 Pa. 523; Robertson v. Hay, 91 Pa. 242; Hayes's Appeal 195 Pa. 177.

The plaintiff was not entitled to equitable relief, since she must found her claim in her own illegal act. If the money of the assignee was invested in the mortgage, upon the faith of the declaration of the plaintiff that she had no defense against the claim, she cannot now be heard to assert the contrary. This question of fact can be determined upon the trial of the issue in a court of law.

The decree is reversed. The bill is dismissed at the costs of the appellee.