# Patterson's Estate.

*Decedents' estates—Partition—Notice of proceedings—Payment of assigned mortgage—Laches—Estoppel.*

On July 20, 1898, the owner of an undivided fourth interest in certain real estate devised to her by a decedent mortgaged it to a reputable attorney, the mortgage being duly recorded. On August 20, 1898, the attorney, as mortgagee, assigned the mortgage upon the margin of the record to a church board, a member of the firm of attorneys for the church board having examined the title of the mortgagor. At the time of the execution of the mortgage, as well as when

it was assigned to the church board, there were pending in the court below proceedings in partition in the decedent's estate, which culminated in an order of sale to a trust company as trustee, the proceedings being given due legal advertisement. The property was sold and, on an adjudication of the account of the trustee, the amount of the mortgage with interest was awarded to the attorney mortgagee "for use of" the church board. No one appeared at the audit on behalf of the church board as assignee. On May 26, 1899, the trustee paid to the attorney mortgagee the amount awarded upon the mortgage and he placed upon the record a receipt signed by himself as "Atty." He never paid this sum over to the church board but from time to time paid interest to the board on the mortgage debt until his death on July 8, 1905. In the following May or June, when the board was about to take steps to collect the interest for more than a year which had apparently accrued on the mortgage, it discovered the facts. In March, 1907, the board entered into an agreement with the trustee that nothing should be done for six months during which time the trustee should be allowed to use its name in an effort to collect from the attorney's estate, without prejudice to either party. In November, 1909, the board presented a petition to the orphans' court to compel payment by the trustee to the board of the amount awarded to it under the mortgage. *Held,* (1) that the board had actual notice of the partition proceedings; (2) that it had constructive notice of the sale and of the filing of the trustee's account; (3) that it was estopped by its laches from seeking relief from the trustee; and (4) that the petition was properly dismissed.

Argued Oct. 19, 1911. Appeal, No. 126, Oct. T., 1911, by the Board of Church Extension of the United Presbyterian Church of North America, from decree of O. C. Allegheny Co., Feb. T., 1899, No. 39, dismissing petition in Estate of Robert Patterson, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to compel payment by a trustee appointed to make sale in partition of a decedent's real estate. Before HAWKINS, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing exceptions.

*S. Harvey Thompson*, with him *Donaldson Bros.*, for appellant.—Where proceedings in partition result in a judicial sale of the land, the lien which had been created by one of the tenants is divested from the land but continues on the money raised by the sale: Lucas's App., 53 Pa. 404; Reed v. Fidelity Ins. Trust & Safe Deposit Co., 113 Pa. 574; Com. v. Rodgers, 6 Pa. Superior Ct. 284.

Whitesell had no authority to receipt for the money: Hatch v. Stitt, 66 Pa. 264; Bryn Mawr Nat. Bank v. James, 152 Pa. 364; J. B. Sheriff Mfg. Co. v. Pritsch Coal Co., 44 Pitts. Leg. J. 218; Slaymaker v. Herr, 12 Lanc. Law Rev. 342.

The proceedings in partition do not as a lis pendens constitute or effect notice of such proceedings to the petitioner: Dovey's App., 97 Pa. 153.

One cannot be visited with a constructive notice, there being no actual notice, unless there be a duty imposed to make inquiry: Hottenstein v. Lerch, 104 Pa. 454; Leonard's App., 94 Pa. 168.

*James R. Sterrett*, of *Patterson, Sterrett & Acheson*, for appellee, cited: Miller v. Preston, 154 Pa. 63; Roney's Est., 227 Pa. 127.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

On July 20, 1898, Fannie B. Risher executed to W. W. Whitesell, at that time a reputable member of the Allegheny county bar, a mortgage for $1,800, on an undivided fourth interest in certain real estate devised to her by Robert Patterson, deceased. The mortgage was duly recorded, and, on August 20, 1898, Whitesell assigned it upon the margin of the record to the board of church extension of the United Presbyterian Church of North America. At the time of the execution of the mortgage, as well as when it was assigned to the appellant, there were pending in the court below proceedings in partition in the estate of the said Robert Patterson, which culminated in an order of sale to the Pennsylvania Title and Trust

Company as trustee. The property was sold and, on an adjudication of the account of the trustee, the following award was made out of Fannie B. Risher's share of the proceeds of the sale: "To W. W. Whitesell for use of Board of Church Extension of the United Presby. Church of N. A. mortg. recorded in M. B. Vol. 856, p. 8 and int., $1,821.60." No one appeared at the audit on behalf of the appellant as assignee of the mortgage, but on May 26, 1899, the trustee paid to W. W. Whitesell the amount awarded upon it, and he placed upon the record the following receipt: "Received May 26, 1899, W. W. Whitesell, Atty." Whitesell never paid this sum to the appellant, but from time to time paid interest to it on the mortgage debt until his death, which occurred July 8, 1905. In the following May or June, when more than a year's interest had apparently accrued upon the mortgage and the appellant was about to take steps to collect the same, it discovered from an examination of the records that the real estate had been sold as above stated; that the lien of the mortgage had been transferred from the land to the fund in the hands of the trustee; that the same had been distributed in 1899, under a decree of the court, and that the distribution included the award for which Whitesell had receipted. The original trustee, the Pennsylvania Title and Trust Company, was consolidated with the Colonial Trust Company, which has succeeded to all of its debts and liabilities, and this appeal is from the refusal of the court below to compel the Colonial Trust Company to pay the appellant the amount awarded to it on the Risher mortgage. It claims to be entitled to this payment for the alleged reason that it had no notice of the partition proceedings, the sale of the real estate by the trustee or the distribution of the proceeds of the sale until after the death of Whitesell.

John Donaldson, Esq., a member of the legal firm of Donaldson Brothers, who were attorneys for the board of church extension of the United Presbyterian Church of North America at the time it purchased the mortgage

from Whitesell, was called as a witness by it and testified
that his firm had examined the title of Mrs. Risher when
Whitesell offered to sell them the mortgage. As this was
done, the records disclosed the proceedings then in prog-
ress for the partition of the real estate, on an undivided
interest in which the mortgage had been executed, and the
appellant was, therefore, bound to take notice that those
proceedings would, in all probability, result in a sale which
would divest the lien of the mortgage and transfer it to a
fund arising from the sale, to be distributed under a decree
of the court, and that in such event it could look to that
fund alone for payment. The appellant thus had actual
notice, through its attorneys, that just what subsequently
did happen would be likely to occur. The mortgagee of
Fannie B. Risher was not entitled to be made a party to
the proceedings in partition and was not, therefore, within
the statutory requirement as to notice: Long's App., 77
Pa. 151; Stewart v. Bank, 101 Pa. 342; but the appellant
had acquired, through its attorneys, actual notice of the
partition proceedings, and, in addition to that notice, it
had constructive notice of the filing of the trustee's account
and of the adjudication of the same. Less than a year from
the time it took the mortgage it had constructive notice
that the land upon which the same had been a lien had
been judicially sold and that it would have to look for
payment to the fund produced by the sale. This con-
structive notice was acquired through due legal advertise-
ment, which was sufficient: App v. Dreisbach, 2 Rawle,
287; Priestley's App., 127 Pa. 420; Ferguson v. Yard, 164
Pa. 586. In view of the actual notice which the appellant
must have had of the partition proceedings and of the
constructive notice to it of the filing of the trustee's ac-
count and of the distribution of the fund by the court be-
low, it is presumed to have known in the spring of 1899
that it no longer had a mortgage which was a lien upon
Mrs. Risher's interest in the Patterson land and that there-
after no interest would accrue upon the same. But, not-
withstanding this, it regularly took semi-annual interest

from Whitesell on the Risher mortgage indebtedness for a period of six years after the mortgage had been wiped out. The mortgage was no longer bearing interest, for out of the fund from which it was payable there had been awarded, on March 29, 1899, the full amount due upon it. Of this the appellant unquestionably had constructive notice. The interest which Whitesell continued to pay was on the fund he had received under the decree of distribution, and, in view of the actual notice which the appellant had of the proceedings in partition and of its constructive notice of the decree of distribution, the unavoidable presumption is that it must have known Whitesell had received the money and acquiesced in his retention of it during the subsequent six years of his life. Nothing was shown by the appellant to rebut this presumption. If Whitesell was without authority to receive the money and retain it, the officials of the appellant could easily have so testified, but not one of them was called to deny such authority. As he was a member of the bar and an officer of the court, there was a presumption that he acted by authority: Miller v. Preston, 154 Pa. 63.

The appellant took no steps to compel the appellee to pay what it now alleges was improperly paid to Whitesell until more than ten years had expired from the time it had constructive notice that he had received the money and more than three had elapsed from the date of actual notice of the payment to him. True, in March, 1907, the appellant entered into an agreement with the appellee that nothing should be done by it for six months, during which period the appellees should be allowed to use its name in an effort to collect from Whitesell's estate, without prejudice to the rights of either party to the agreement; but this agreement expired in September, 1907, and the appellant did nothing until November, 1909, when this petition was presented. It did nothing at all until after the statute of limitations had barred any recovery by the appellee, or its predecessor, from Whitesell or his estate of the amount alleged to have been improp-

erly paid to him. The gross laches of the appellant is unexplained, and, under the undisputed facts in the case, the conclusion is not to be avoided that it is estopped from asking relief from the appellee.

Appeal dismissed at appellant's costs.