# Arnold, Appellant, v. Carroll.

*Practice, C. P.—Trials — Evidence — Record of former trial — Presence of defendant—Actual or constructive notice—Act of May 23, 1887, P. L. 158, section 9.*

Notes of testimony of a former trial, duly held, after notice thereof was given by listing on regular trial list, are admissible in evidence at a subsequent trial, even if the defendant was not present at the first proceeding. The appearance on the trial list was constructive notice to the defendant, as provided for in section 9 of the Act of May 23, 1887, P. L. 158, and, the defendant having had such constructive notice, the notes of testimony were admissible.

Whatever puts a party on inquiry amounts to notice, provided inquiry becomes a duty and would lead to a knowledge of the facts by the exercise of ordinary intelligence and understanding. The

placing of the case upon the trial list was sufficient notice in contemplation of the act, and the defendant had the opportunity to be present at the first trial, and the transcript of the testimony given at that time was, therefore, admissible.

Argued April 29, 1924.   Appeal, No. 85, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 2033, refusing to strike off judgment of nonsuit in the case of Robert Arnold v. Lena Carroll, Administratrix of Charles Neiwohner, deceased.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Replevin to recover possession of motor truck.   Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of compulsory nonsuit, which it subsequently refused to strike off.   Plaintiff appealed.

*Errors assigned* were various rulings on evidence, and refusal to take off judgment of nonsuit.

*Alexander E. Goss,* for appellant.—The certified copy of the evidence was admissible, even though the defendant was not personally present at the trial, as he had constructive notice thereof: Walbridge v. Knipper, Administrator, 96 Pa. 48; Evans v. Reed, 28 P. F. Smith 415; Pratt v. Patterson, 31 P. F. Smith 114; Emig v. Diehl, 26 P. F. Smith 359; George A. Wells, Administrator, v. New England Mutual Life Insurance Company of Boston, 187 Pa. 166.

*S. M. Soffel,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The Act of Assembly of 1887, P. L. 158, Section 9, provides: "Whenever any person has been examined as a

witness in any civil proceeding before any tribunal of
this Commonwealth or conducted by virtue of its order
or direction, if such witness afterwards die, or be out of
the jurisdiction so that he cannot be effectively served
with a subpœna, or if he cannot be found, or if he become
incompetent to testify for any legally sufficient reason,
and if the party, against whom notes of the testimony of
such witness are offered, had actual or constructive notice
of the examination and an opportunity to be present and
examine or cross-examine, properly proven notes of the
examination of such witness shall be competent evidence
in any civil issue which may exist at the time of his ex-
amination, or which may be afterwards formed between
the same parties and involving the same subject matter
as that upon which such witness was so examined; but
for the purpose of contradicting a witness, the testimony
given by him in another. a former proceeding, may be
orally proved."    At the first trial the plaintiff and his
wife testified.    The defendant was not present.    Defend-
ant died.    The court granted a new trial.    At the second
trial the plaintiff offered the transcript of the testimony
of himself and his wife, given at the first trial and duly
certified.    The court refused to receive it, and there be-
ing no other testimony offered in support of plaintiff's
claim, a nonsuit was entered.    The court in an opinion
subsequently filed gave as the reason for declining to re-
ceive the testimony "that the defendant did not have
actual or constructive notice of the examination nor an
opportunity to examine or cross-examine the plaintiffs at
the first trial.    The trial was an ex parte proceeding, and
the defendant therein at the hearing of the argument on
the motion for new trial established to the satisfaction
of the court that the defendant had no knowledge of the
trial through a misunderstanding of facts on the part of
his attorney and was, therefore, not present or repre-
sented by counsel at the trial."    The correctness of this
ruling is the only question in the case.    The act above
quoted provides in order to have its provisions apply the

party against whom notes of testimony are offered shall have "had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine." If actual or constructive notice appears, the opportunity to be present is presumed to have been afforded. It would be useless to bind the party to constructive notice if the effect would not be the same as if he had actual notice. The question, therefore, narrows itself down to whether the defendant had constructive notice. When the case was on the trial list plaintiff's attorney told defendant's attorney "our case with Niewohner is on the trial list and should be reached next week." The defendant's attorney thinking the reference was to another case in which Mrs. Arnold, wife of the plaintiff, was interested replied, "I do not know whether we will contest that case. I may have somebody else take charge of the matter for me." Notice to the attorney was notice to the client: 6 C. J. 639; Hood v. Fahnestock, 8 Watts 489; Patterson's Est., 234 Pa. 128. In addition to this and more controlling is the fact that the case out of which this appeal arises was regularly on the trial list No. 42 for some time prior to the trial, and was regularly listed on the weekly and daily lists with the names of the attorneys appearing for the respective parties among them the attorneys between whom the above conversation took place. The case of Mrs. Arnold, above referred to, was not on any trial list at that time. His case appearing on the lists it was the duty of the defendant or his attorney to know that it was there. The trial lists were the regularly ordained method of carrying the information to litigants. There are a number of cases which hold that constructive notice arising through due legal advertisement is sufficient: Patterson's Est., supra and cases cited. Whatever puts a party on inquiry amounts to notice, provided inquiry becomes a duty and would lead to a knowledge of the facts by the exercise of ordinary intelligence and understanding: Tabor Street. 26 Pa. Superior Ct. 167 (173); Hottenstein v. Lerch, 104

Pa. 454. We conclude that defendant had constructive notice. That this in law is equivalent to actual notice and that he, therefore, in contemplation of the act had the opportunity to be present at the first trial and the transcript of the testimony given at the first trial should have been admitted.

The judgment is reversed with a venire.