# Quigley et al. *v.* Breyer Corporation (et al., Appellant).

Argued April 14, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John C. Gilpin,* with him *Gilfillan, Gilpin & Brehman,* for appellant.

*David Kanner,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 23, 1949:

This appeal is from a decree directing that a mortgage be satisfied of record prior to its expiration date upon payment of the balance of the principal sum, plus interest and satisfaction costs.

Appellees, Charles A. Quigley and David A. Kanner, are the owners of premises subject to a mortgage executed in favor of one Joseph Toll and Bessie Toll, his wife, on November 8, 1945, in the principal sum of

$15,000, providing for annual payments of $1500 on account of principal and interest, payable monthly, at the rate of six per cent per annum. On May 6, 1946, the mortgagees executed a writing, under seal, giving to the owners of the property the right to pay off the unpaid balance of the mortgage at any time, and thereafter, on December 5, 1947, sold and assigned the bond and mortgage, then reduced to $12,000, to the appellant, Henry W. Breyer, Jr.

On April 13, 1948, appellees tendered payment of the balance of the principal of the mortgage, with interest. The tender was refused by appellant and this bill in equity was then filed. Appellant filed an answer relying on a declaration of no set-off executed by appellees and delivered at the time of this settlement with the Tolls. After hearing and arguments before the court *en banc,* a final decree was entered directing appellant to satisfy the mortgage of record upon payment of the unpaid balance of principal, interest to April 13, 1948, the date of tender, and satisfaction fee. This appeal followed.

The declaration of no set-off did not refer to the agreement executed by the original mortgagees on May 6, 1946, giving appellees the right to pay off the mortgage prior to maturity, and such agreement was not produced at settlement. At the hearing on the bill and answer, however, Joseph Toll testified, in effect, that he had informed Kenneth Clark, appellant's agent at the settlement, of appellees' right to accelerate the maturity date. Clark, testifying for appellant, denied that any conversation had taken place as testified by Toll, but his testimony was disregarded by the court below as unworthy of belief. Such conversation, if it took place, as the court below has found, was sufficient to put appellant on notice of appellees' rights. ". . . whatever fairly puts a person on inquiry is sufficient notice where the means of knowledge are at hand; and if he omits to

inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained": 39 Am. Jur. section 12, p. 238. See also *Wilson v. McCullough,* 23 Pa. 440, 446; *Leonard's Appeal,* 94 Pa. 168, 176; *Patterson's Estate,* 234 Pa. 128, 132, 82 A. 1130.

Since appellant was put on notice of appellees' right to pay off the mortgage, execution of the declaration of no set-off does not bar that right. The purpose of a declaration of no set-off is to dispense with personal inquiry by a purchaser of the mortgage as to whether there is any equity or defense: *Robertson v. Hay,* 91 Pa. 242, 246. While the party giving a declaration of no set-off will ordinarily be estopped to assert any defense or equity against an assignee who purchases the mortgage on the faith of it, it is well settled that such declaration will not operate as an estoppel where the assignee had actual notice of the defense or equity, or where, as here, the circumstances under which he became assignee were such as to put him on inquiry. "To avail himself of such an estoppel upon the debtor, the assignee who sets it up, must show that either he or some prior assignee from whom he claims, was an assignee for value, and without notice": *Ashton's Appeal,* 73 Pa. 153, 162. See also *Fort Pitt Real Estate Co. v. Schaefer,* 96 Pa. Superior Ct. 497, 502.

Decree affirmed at appellant's costs.