J-S28013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN HERNANDEZ, | |
| Appellant | No. 1855 EDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1010912-1997

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 11, 2016**

Jonathan Hernandez appeals the June 5, 2015 PCRA court order denying his second petition as untimely.  We reverse and remand for resentencing consistent with the dictates of our Supreme Court's decision in **Commonwealth v. Batts**, 66 A.2d 286 (Pa. 2013).

On August 5, 1999, a jury convicted Appellant of two counts of murder and aggravated assault and one count each of criminal conspiracy, recklessly endangering another person, and possessing an instrument of crime.  When Appellant was sixteen years old, he and four cohorts conspired to kill a rival drug dealer.  Appellant and three others carried out the ambush, which killed the intended target and a pregnant bystander.  The trial court imposed consecutive terms of life imprisonment for the two murders and a

_____

* Retired Senior Judge assigned to the Superior Court.

consecutive term of eleven to thirty years imprisonment for the remaining offenses. We affirmed the judgment of sentence on March 6, 2003, and our Supreme Court denied allowance of appeal on February 17, 2004. *See* ***Commonwealth v. Hernandez***, 823 A.2d 1024 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 843 A.2d 1237 (Pa. 2004).

Appellant filed his first PCRA petition during February of 2005. After appointed counsel filed an amended petition and the PCRA court issued notice pursuant to Pa.R.Crim.P 907, the petition was denied without a hearing. We affirmed. ***Commonwealth v. Hernandez***, 959 A.2d 461 (Pa.Super. 2008) (unpublished memorandum), *appeal denied* 946 A.2d 894 (Pa. 2009).

On July 8, 2010, Appellant filed the instant PCRA petition, and on July 27, 2012, he filed a supplemental petition invoking the United States Supreme Court's June 25, 2012 decision in ***Miller v. Alabama***, 567 U.S.__, 132 S.Ct. 2455 (2012), that it is unconstitutional to sentence a juvenile homicide offender to an automatic sentence of life without parole. Relying upon then existing precedent, the PCRA court concluded that Appellant's ***Miller*** claim failed because the Supreme Court did not hold ***Miller*** to apply retroactively. *See **Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013) (denying retroactive application), *overruled by **Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Accordingly, the PCRA court denied the petition as time barred. This timely appeal ensued.

- 2 -

Appellant presents one question for our review: "Does the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) apply retroactively to case[s] on collateral review[.]" Appellant's brief at 2. Herein, the PCRA court noted that Appellant invoked *Miller* within sixty days of the date that the Supreme Court issued its decision but concluded that Appellant's petition was time barred because that case was held not to apply retroactively. The PCRA court's legal conclusion is erroneous in light of now-prevailing authority.

Preliminarily, we note our standard and scope of review. "An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id*.

The time limitations imposed by the PCRA implicate our jurisdiction and they may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). Appellant's judgment of sentence became final on May 17, 2004, upon the expiration of the ninety-day period to petition the U.S. Supreme Court for a writ of *certiorari* following the denial

of allowance of appeal. Accordingly, in order to comply with the time requirements, Appellant's petition had to be filed by May 17, 2005. Appellant filed the instant petition on July 8, 2010; thus, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) apply, the petition is barred as untimely.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261-62 (Pa. 1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant invoked the newly-recognized constitutional right outlined in **Miller** as a basis to circumvent the PCRA time bar under § 9545 (b)(1)(iii). As noted, *supra*, when the PCRA court addressed Appellant's claim, Pennsylvania's High Court had determined that **Miller** was not retroactive. **See Cunningham**, **supra** *overruled by* **Montgomery**, **supra**. However, while this appeal was pending, the United States Supreme Court

held in **Montgomery**, **supra**, that state courts are required to apply **Miller** retroactively.

In **Commonwealth v. Secreti**, 2016 WL 513341, this Court addressed the application of **Montgomery** to PCRA appeals that had invoked the retroactivity of **Miller** as the basis for relief. We concluded that **Miller** applied retroactively to the date of that decision. **Secreti**, **supra** at *5 ("we now hold that the best resolution of this dilemma is to interpret **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision"). Accordingly, **Miller** can be relied upon to establish an exception to the PCRA time-bar under § 9545(b)(1)(iii) so long as it was invoked within sixty days of the date that case was filed. **See** 42 Pa.C.S. § 9545(b)(2). As Appellant's petition asserted **Miller's** substantive law within sixty days of the date that **Miller** was decided, he satisfied the statutory exception to the PCRA time-requirement that is outlined in § 9545 (b)(1)(iii).

In addition, we find Appellant's argument meritorious. In **Secreti**, **supra**, we reiterated that the imposition of automatic life imprisonment without parole for a defendant committing first-degree murder as a juvenile was unconstitutional under **Miller**. Thus, consistent with the dictates of our Supreme Court's decision in **Commonwealth v. Batts**, **supra**, we found that Secreti, a juvenile sentenced to life for homicide, was entitled to a new sentencing. Accordingly, we reversed the order denying PCRA relief,

vacated the judgment of sentence, and remanded the case for a new sentencing hearing.

Presently, Appellant was a juvenile when he participated in the murders. Thus, the imposition of automatic terms of life imprisonment without the possibility of parole was unconstitutional under *Miller*, and he is entitled to a new sentencing hearing.

Order reversed. Judgment of sentence vacated and the case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016