J.S37036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES B. CANADY, | : | No. 972 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 14, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015102-2007

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 1, 2020**

James B. Canady ***pro se*** appeals the March 14, 2018 order, entered in the Court of Common Pleas of Philadelphia County, dismissing his first petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA").[2]  After careful review, we affirm.

The underlying facts of this case are set forth in the PCRA court's Rule 1925(a) opinion and need not be repeated here.  (**See** PCRA court Rule 1925(a) opinion, 4/30/18 at 2-3.)  The PCRA court set forth the following procedural history:

> [Appellant], James Canady, was convicted[,] on March 31, 2009, of first-degree murder, robbery, graded as a felony of the first degree, criminal

---

[1] The PCRA court also granted PCRA counsel's motion to withdraw.

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

conspiracy, and possessing instruments of crime,[3] generally, following a jury trial before [the trial] court and was sentenced March 31, 2009, to life imprisonment followed by a consecutive sentence of twenty-two and one half to forty-five years['] incarceration on the other charges. [Appellant] thereafter filed a notice of appeal, to the Superior Court, which[,] on March 28, 2011, affirmed the judgment of sentence. (1192 EDA 2009). On July 9, 2013, the Pennsylvania Supreme Court vacated [appellant]'s life without parole sentence and remanded the matter for re-sentencing in accordance with the holding of *Commonwealth v. Batts*, 66 A.2d 286 (Pa. 2013). *Commonwealth v. Canady*, 71 A.3d 248 (Pa. 2013). The Supreme Court, however, did not vacate the sentences imposed on the other charges and at [appellant]'s sentencing hearing, [the trial] court ordered that the aggregate sentence of twenty-two and one-half years' incarceration previously imposed be served consecutive to the sentence of thirty-five years to life imposed on the first degree murder conviction.

[Appellant] appealed to the Superior Court following the re-imposition of sentence and on May 24, 2016, the Superior Court affirmed the judgment of sentence. (2373 EDA 2015). [Appellant] thereafter unsuccessfully sought review by the Pennsylvania Supreme Court, which[,] on October 6, 2016,[4] denied his petition for allowance of appeal.

On December 30, 2016, [appellant] timely filed a *pro se* petition pursuant to the Post-Conviction Act, (PCRA) 42 Pa.C.S.[A.] §9541 *et seq.*, following which counsel was appointed to represent him. On February 13, 2018, appointed counsel filed a "no-merit" letter in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988), and a

---

[3] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(ii), 903(a)(1), and 907(a), respectively.

[4] The order denying appellant's petition for allowance of appeal is dated October 5, 2016.

> motion to withdraw as counsel. [The PCRA] court carefully reviewed the entire record and upon determining that [appellant] was not entitled to relief, it sent [appellant] Pa.R.Crim.P. 907 notice of intent to dismiss. On March 13, 2018,[5] [the [PCRA] court, having again reviewed the entire record, issued an order dismissing [appellant]'s PCRA petition and granting appointed counsel's motion to withdraw. Subsequent thereto, [appellant] filed a timely notice of appeal.

PCRA court Rule 1925(a) opinion, 4/30/18 at 1-2 (extraneous capitalization omitted). Appellant was not ordered to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b). However, the PCRA court filed a Rule 1925(a) opinion.

The following issues are raised by appellant on appeal:

>   1. Was PCRA counsel ineffective for failing to properly raise, preserve, and challenge the trial court's imposition of a **de facto** life sentence in violation of **Miller v Alabama**[6] and **Commonwealth v. Batts**?[7]
>
>   2. Did the PCRA court err by failing to provide appellant additional time to respond to PCRA counsel's no merit/**Finley**[8] letter and the court's Rule 907 notice prior to dismissal of his PCRA petition in violation of his right to due process?

---

[5] The order of March 13, 2018, dismissed appellant's PCRA petition and granted PCRA counsel's motion to withdraw. However, the order failed to advise appellant of his appellate rights. Therefore, on March 14, 2018, the PCRA court filed a second order which advised appellant of his appellate rights.

[6] **Miller v. Alabama**, 567 U.S. 460 (2012).

[7] **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017).

[8] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

Appellant's brief at 4 (extraneous capitalization omitted; some bolding and italics added).

In reviewing the denial of a PCRA petition, this court's standard of review is limited "to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018). When reviewing the denial of a PCRA petition without an evidentiary hearing, we "determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa.Super. 2015) (citation omitted), ***affirmed***, 158 A.3d 618 (Pa. 2017). "[W]hen there are no disputed factual issues, an evidentiary hearing is not required . . . ." ***Commonwealth v. Morris***, 684 A.2d 1037, 1042 (Pa. 1996). We review the PCRA court's legal conclusions ***de novo***. ***See Burton***, 121 A.3d at 1067.

Appellant first contends that PCRA counsel was ineffective for failing to challenge his re-sentence as a ***de facto*** life sentence. Initially, we note that appellant first raises PCRA counsel's ineffectiveness in the instant appeal.

> [A]bsent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter. A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim.

***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa.Super. 2015) (citations and quotation marks omitted), ***appeal denied***, 136 A.3d 981 (Pa. 2016). Thus, appellant has waived his ineffectiveness claim.

Even if we were to address the claim, no relief is merited.

> A claim that has been previously litigated is not cognizable for collateral relief. 42 Pa.C.S.A. § 9544(a)(2). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." ***Id.*** "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa.Super. 2010), citing ***Commonwealth v. Hutchin***s, 760 A.2d 50 (Pa.Super. 2000).

***Commonwealth v. Roane***, 142 A.3d 79, 94 (Pa.Super. 2016).

In the present case, the issue of whether appellant's sentence was, in effect, a ***de facto*** life sentence was previously raised and addressed by this court. On August 8, 2015, appellant filed a timely direct appeal, from his resentencing. The trial court ordered appellant to file a Rule 1925(b) statement and appellant timely complied. Therein, appellant asserted that "[t]he [trial c]ourt's aggregate sentence violates ***Miller v. Alabama***, ***supra***[,] and ***Commonwealth v. Batts***, ***supra***, since it essentially amounts to a life sentence." ***Commonwealth v. Canady***, No. 2373 EDA 2015, appellant's Pa.R.A.P. 1925(b) statement, 8/12/15 at unnumbered 3.

The trial court addressed the issue as follows:

> In his final claim, [appellant] argues that the aggregate sentence imposed upon him should be vacated because it is essentially a life sentence, in violation of ***Miller***, ***supra***, and ***Batts***, ***supra***. It is submitted that no relief should be granted on this claim because a life sentence without the possibility of parole was not imposed on defendant. The sentence imposed upon him will provide him with an opportunity for parole and thus, does not facially violate the holdings of the above cases.
>
> Moreover, the sentence reflected a consideration of the numerous factors heretofore discussed and manifests an attempt to protect the public from [appellant]'s violent proclivities, which [the trial c]ourt experienced during [appellant]'s first sentencing hearing. In ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128, (P[a.]Super. 2003), the Superior Court determined that maximum, consecutive sentences on five robbery convictions, two conspiracy convictions, and one possessing an instrument of crime convictions were not manifestly excessive, even though the sentence represented essentially a life sentence for a defendant who was only 21. In affirming the judgment of sentence the Superior Court reasoned that the sentence was commensurate with the crime, that the sentencing court witnessed [appellant] during the proceedings, knew his history, and considered his prospects of rehabilitation.
>
> Instantly, while [appellant], unlike ***Mouzon***, was a juvenile when he committed the crimes herein, he was already a hardened criminal who exhibited his true character at the previous sentencing. Regardless, as noted above, [the trial c]ourt did consider all salient factors in deciding upon a sentence. No abuse of discretion occurred here and it is suggested that this claim be rejected.

Trial court Rule 1925(a) opinion, 8/24/15 at 7-8 (some citations omitted).

In his appellate brief, filed at No. 2373 EDA 2015, appellant phrased the issue as follows:

> Is the appellant entitled to a remand for resentencing since his sentence of 35 years to life is excessive, not reflective of his character, history and condition and[,] therefore, manifestly unreasonable?

***Commonwealth v. Canady***, No. 2373 EDA 2015, appellant's brief at 4.

Appellant argued that:

> [the] sentence imposed fails to properly balance the factors set forth in ***Miller v. Alabama***, 567 U.S. [460], 132 S.Ct. 2455 (2012) and ***Commonwealth v. Batts***, ***supra***. The Court erred when it refused to impose the sentences, 35 years to life and 22½ to 45 years, concurrently rather than consecutively. The way in which the sentences are presently structured will result in the appellant having to serve 57½ years['] incarceration before he can be even be considered by the Parole Board for release. The [trial c]ourt's aggregate sentence violates ***Miller v. Alabama***, ***supra***[,] and ***Commonwealth v. Batts***, ***supra***, since it essentially amounts to a life sentence.

***Id.*** at 20-21 (some bolding and italics added); ***see*** also ***id.*** at 23-24.

In this court's memorandum, a panel of this case reached the following conclusion:

> Appellant claims that because he will be required to serve 57½ years before he can be considered for parole, the aggregate sentence violates ***Miller*** and ***Batts II*** because it is essentially a life sentence. (Appellant's brief at 21, Pa.R.A.P. 2119(f) statement.) Appellant's reliance on those cases is misplaced, and the proposition he claims the cases stand for is misguided. Neither case concerned the imposition of consecutive sentences for multiple crimes committed by a juvenile. Both cases, however, concerned the requisite considerations a sentencing court must take when a juvenile faces a life sentence for murder. Thus, neither case stands for the proposition that a sentencing court is prohibited from sentencing a juvenile to life imprisonment, as appellant would like

> us to believe. Contrary to appellant's contention, then, the sentence imposed does not violate **Miller** or **Batts II**.
>
> In summary, because appellant has advanced no plausible argument as to why his sentencing is unreasonable considering the nature of his crime and the length of his sentence, he has failed to raise a substantial question.

**Commonwealth v. Canady**, No. 2373 EDA 2015, unpublished memorandum at 12-13 (Pa.Super. filed May 24, 2016). Appellant filed a timely petition for allowance of appeal, which was denied by our supreme court on October 5, 2016. **See Commonwealth v. Canady**, No. 246 EAL 2016. Appellant did not seek **certiorari.**

We, therefore, find that appellant's issue has been previously litigated, having been decided by a previous panel of this court, and is not cognizable under the PCRA. Accordingly, no relief can be granted.

Lastly, appellant maintains that the PCRA court violated his due process rights by not granting him additional time to respond to the PCRA court's Rule 907 notice prior to the dismissal of his PCRA petition. Appellant claims that when he received the PCRA court's Rule 907 notice, he wrote the PCRA court judge "a letter requesting additional time to respond to the [n]otice." (Appellant's brief at 17.) The certified record does not reflect that appellant's request was filed of record.

Assuming, **arguendo**, that the PCRA court received and denied appellant's request, the PCRA court's Rule 907 notice checked the following

box as the reason for the dismissal: "The issues raised in the [PCRA] petition filed by your attorney are without merit." (Pa.R.Crim.P. 907 notice, 6/25/19.) Appellant states that he "simply wrote [the PCRA court] a letter requesting additional time to respond to the [n]otice." (Appellant's brief at 17.) Further, appellant's only explanation of what specific issue he would have raised in a Rule 907 response is "a claim of ineffective assistance of PCRA counsel, or to correct the "defects" in his petition, or amend his petition to include a challenge to the Court's imposition of a de facto life sentence in violation of *Miller* and *Batts*." (*Id.* at 18.) Appellant has not shown prejudice because, as noted above, the issue appellant seeks to raise was previously litigated.

We find the PCRA court did not err or abuse its discretion in denying appellant additional time to respond to the Rule 907 notice. *See Commonwealth v. Sanabria*, 2020 WL 1673787 *2 (Pa.Super. April 6, 2020) (unpublished memorandum) (finding PCRA court did not err in dismissing request for additional time to respond to Rule 907 notice). Therefore, appellant's claim is without merit.

For the reasons given above, and having discerned no error of law, we affirm the order of the PCRA court.

Order affirmed.

J. S37036/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2020